# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD J. VARNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 12-1076 |
| | ) Magistrate Judge Cynthia Reed Eddy |
| BYUNCHAK JIN; *ET AL.*, | ) |
| Defendants. | ) |
| | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.    RECOMMENDATION

It is respectfully recommended that Plaintiff's Motion for a Preliminary Injunction (ECF No. 10) be denied.

II.    REPORT

On July 31, 2012, Plaintiff, a prisoner currently confined at the State Correctional Institution at Greene (SCI-Greene), submitted for filing a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 against Byunchak Jin, Medical Director at SCI-Greene; Min Hi Park, a medical doctor at SCI-Greene; Nedra Grego, Nursing Supervisor; Irma Viladahl, Corrections Health Care Administrator (CHCA); Louis S. Folino, Superintendent; Dorina Varner, Chief of the Pennsylvania Department of Corrections (DOC) Secretary's Office of Inmate Grievances and Appeals; and Richard S. Ellers, Director of the DOC Bureau of Health Care Services. In his Complaint, Plaintiff complains that Defendants have failed to provide him with adequate medical treatment thus evidencing deliberate indifference to his serious medical needs. Specifically, he claims that he has contracted cancer as a result of the Human papilloma virus (HPV). Plaintiff

1

alleges that he submitted a sick call slip on November 3, 2011, and was seen that same day by Dr. Jin. Plaintiff submitted several sick call slips over the next few weeks and was seen on at least six (6) more occasions by the medical staff at SCI-Greene that month. Plaintiff also advised the medical staff of the appearance of white patches/spots spreading on his scrotum and that they were likely HPV related. Plaintiff received thirty-three (33) medical visits over the next several months including fourteen visits with Dr. Jin, six visits with Dr. Park, seven visits with a Physician's Assistant and six other visits, which included an X-ray, pap test and an ultrasound. All testing was negative for the presence of any cancer. On several occasions, Plaintiff was advised that his lymph nodes were swollen and he was prescribed medication for his complaints of pain.

On August 16, 2012, Plaintiff filed a Motion for Preliminary Injunction (ECF No. 10). Therein, Plaintiff asserts that he has been exhibiting obvious known warning signs and symptoms of cancer for over a year now, which began in the Summer of 2011 with white patches/spots spreading on his scrotum, and on October 28, 2011 with considerable pain in the right side of his neck where a palpable lump was confirmed by an ultrasound on June 13, 2012.

This Court has discretion to grant preliminary injunctive relief under Fed. R. Civ. Proc. 65. The party seeking a preliminary injunction has the burden of demonstrating: 1) a reasonable probability of success on the merits; 2) irreparable harm if the injunction is denied; 3) that the issuance of an injunction will not result in greater harm to the non-moving party; and 4) that the public interest would best be served by granting the injunction. Council of Alternative Political Parties v. Hooks, 121 F.3d 876, 879 (3d Cir. 1997); Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America,

920 F.2d 187, 191-92 (3d Cir. 1990). Initially, it is the movant's burden to demonstrate both that he is reasonably likely to succeed on the merits and that he is likely to experience irreparable harm without the injunction. Adams v. Freedom Forge Corp., 204 F.3d 475, 484 (3d Cir. 2000). If both of these factors are shown, the effect on the nonmoving parties and the public interest (the third and fourth prongs) may be considered by the court. Id. at 484. However, if the record does not support a finding of both irreparable injury and a likelihood of success on the merits, then preliminary injunctive relief cannot be granted. Marxe v. Jackson, 833 F.2d 1121 (3d Cir. 1987).

A preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion. Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). The purpose of the preliminary injunction is to preserve the *status quo* until the rights of the parties can be fairly and fully investigated and determined by strictly legal proofs and according to the principles of equity. Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980).

With respect to preliminary injunctions sought by inmates, courts are further limited by federal statute as follows.

> (2) Preliminary injunctive relief.--In any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief . . . .

18 U.S.C.A. § 3626(a)(2).

The plaintiff bears the burden of establishing a "clear showing of irreparable injury." Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), *cert. denied*, 493 U.S. 848 (1989); ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987) (it is not enough to merely show irreparable harm: the plaintiff has the burden of showing immediate irreparable injury, which is more than merely serious or substantial harm and which cannot be redressed with money damages). An injunction is not issued simply to eliminate the possibility of a remote future injury. Acierno v. New Castle County, 40 F.3d 645, 655 (3d Cir. 1994).

In his claims for preliminary injunctive relief, Plaintiff requests that this Court order Defendants to refer him for treatment to appropriate specialists and to transfer him to another institution. Plaintiff's requests for preliminary injunctive relief are directed not merely at preserving the *status quo*; instead, they seek mandatory relief. In this situation, the burden on the moving party is particularly heavy. *See* Punnett v. Carter, 621 F.2d 578, 582 (3d Cir. 1980); Acierno, 40 F.3d at 653. Moreover, in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration. Rush v. Correctional Medical Services, Inc., 287 Fed. App'x 142, 144 (3d Cir. 2008) (citing Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995). Where a plaintiff requests an injunction that would require the Court to interfere with the administration of a state prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." Rizzo v. Goode, 423 U.S. 362, 379 (1976). The federal courts are not overseers of the day-to-day management of prisons. Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking." Wolff v.

McDonnell, 418 U.S. 539, 566 (1974). Accordingly, prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security. Beard v. Banks, 548 U.S. 521, 528 (2006); Bell v. Wolfish, 441 U.S. 520, 527 (1979).

As an initial matter, the Court notes that it is well established that the United States Constitution does not confer any right upon an inmate to any particular medical treatment *See* Winslow v. Prison Health Services, 406 Fed. App'x 671 (3d Cir. 2011); Brightwell v. Lehman, Civil No. 03–205J, 2006 WL 931702, at *8 (W.D. Pa. April 10, 2006). In addition, Plaintiff has no constitutionally protected right not to be housed in any particular institution. Moody v. Daggett, 429 U.S. 78, 88 (1976); Montanye v. Haymes, 427 U.S. 236, 242 (1976). More importantly, Plaintiff fails to show any immediate, irreparable injury that will result from the Court's denial of his motion that cannot be compensated with money damages. Such relief, if necessary, should be required only after a full review of the relevant facts and law. Further, the granting of injunctive relief in this case could harm both the Defendants' and the public's interest as it would result in the federal courts making *ad hoc*, individual, decisions concerning the treatment of a single prisoner. Therefore, consideration of whether granting preliminary relief will result in even greater harm to the nonmoving party and whether granting the preliminary relief will be in the public interest weighs against granting relief in this case. Accordingly, Plaintiff's motion for preliminary injunctive relief should be denied.

### III.   CONCLUSION

For the reasons stated above, it is respectfully recommended that Plaintiff's Motion for Preliminary Injunction (ECF No. 10) be denied.

In accordance with the Magistrate Judges Act and the Local Rules for Magistrate Judges, the parties are allowed fourteen (14) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

                                                                   /s Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

October 1, 2012

Donald J. Varner
HB-8538
SCI Greene
175 Progress Drive
Waynesburg, PA 15370