IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD J. VARNER,            ) | |
| ) | |
| Plaintiff,      ) | |
| ) | 2:  12-cv-1076 |
| vs.                        ) | Magistrate Judge Cynthia Reed Eddy |
| ) | |
| BYUNCHAK JIN, et al.,        ) | |
| ) | |
| Defendants.    ) | |

## MEMORANDUM ORDER

Presently pending before the Court is Donald J. Varner's (Plaintiff") Motion to Amend his section 1983 Complaint (the "Motion").  ECF No. 80.  Plaintiff has been incarcerated in the Pennsylvania Department of Corrections since at least August 1, 2007.  ECF No. 5 at ¶ 17.  He initiated these proceedings on July 31, 2012.  ECF No. 1.  Plaintiff's Complaint alleges deliberate indifference on the part of the defendants in failing to adequately treat Plaintiff's complaints concerning his alleged human papilloma virus ("HPV") and he alleges that the fact he has HPV is indisputable.  ECF No. 5 at ¶ 12.  He does so notwithstanding the fact that the summary judgment record shows that his test for HPV came back negative.  ECF No. 66-1 at 37.  In the face of this result, Plaintiff avers in his Complaint is that "[u]pon information and belief, Defendant Jin falsified the results of the pap test."  ECF No. 5 at ¶ 70 (capitalization altered).

Now, nearly eight months after initiating this suit, and after some discovery was afforded to Plaintiff, and after motions for summary judgment were filed by the two sets of Defendants, Plaintiff has filed on April 1, 2013 a Motion for Leave to Amend his complaint.  In that Motion he seeks to add Corizon, formerly known as "Prison Health Services" as a new party defendant

1

and seeks to add some claims against the "Medical Defendants." ECF No. 80-1 at 1 to 2. He also seeks to add new claims against the "Corrections Defendants." The Motion for Leave to file an Amended Complaint will be denied for the following reasons.

Fed.R.Civ.P. 15(a) provides that after a responsive pleading has been served, a party may amend the complaint only with leave of court or by written consent of the adverse party. In October 2012, both sets of Defendants filed Answers. ECF Nos. 36 and 37. An answer is a responsive pleading within the contemplation of Rule 15(a). Duda v. Board of Educ. of Franklin Park Public School Dist. No. 84, 133 F.3d 1054, 1057 n.2 (7th Cir. 1998). Instantly, Plaintiff has not obtained the consent of the adverse parties and indeed, both the Corrections Defendants and the Medical Defendants have filed a response opposing Plaintiff's motion to amend. ECF Nos. 87 and 92. Hence, Plaintiff may file an amended complaint only by leave of court.

Granting or denying a motion to amend lies within the discretion of the court. Krantz v. Prudential Investments Fund Management LLC, 305 F.3d 140, 144 (3d Cir. 2002). In exercising that discretion, courts consider undue delay, bad faith or dilatory motive by the movant, repeated failure to cure deficiencies, futility of the amendment and undue prejudice to the opposing parties. Foman v. Davis, 371 U.S. 178, 182 (1962).

Initially, the Court notes that the Motions for Summary Judgment are fully briefed and ripe for disposition. Allowing an amendment at this time would only delay the Court's ruling on these pending motions.

With respect to adding new claims against the Corrections Defendants, Plaintiff's attempt to amend comes too late in this case and constitutes undue delay. The claims he seeks to add are that the Corrections Cefendants: 1) failed to implement and enforce a policy governing the

standard of care for inmates with HPV and 2) denied Plaintiff access to a physician who was capable of evaluating Plaintiff's need for treatment. ECF No. 80-1 at 2. Plaintiff offers no explanation as to why he could not have included these claims initially when he began this suit. See, e.g., Rashid v. Monteverde & Hemphill, No. 95-2449, 1997 WL 360922, at *10 (E.D. Pa.1997) (stating that "[a] court may deny a motion to amend based on undue delay when the movant is unable to 'satisfactorily explain' the reasons for delay'").

Accordingly, Plaintiff's motion to amend to include these new claims against the Corrections Defendants is denied due to undue delay.

As to adding Corizon as a new party defendant, again Plaintiff's motion to amend is denied. The Court denies the Motion for several reasons. The amendment to add Corizon is denied as being futile. The proposed new allegations against the Medical Defendants would, at most, seem to attempt to hold Corizon liable based on the actions of its employees or contractors, apparently a theory of respondeat superior. This simply fails to state a claim against Corizon. Natale v. Camden County Corr. Facility, 318 F.3d 575, 583 - 84 (3d Cir. 2003)("PHS [i.e., a private health care subcontractor for a jail] cannot be held responsible for the acts of its employees under a theory of respondeat superior or vicarious liability."). Furthermore, there was no personal participation alleged in the proposed amendments by Plaintiff against Corizon in any of the decisions concerning his care, nor any other allegations that might render Corizon liable under Section 1983. So even if Plaintiff was permitted to add Corizon, the Amended Complaint against Corizon would be subject to dismissal for failure to state a claim against Corizon. 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1487 (3d ed. 1998) ("several courts have held that if a complaint as amended could not withstand a motion to

3

dismiss or summary judgment, then the amendment should be denied as futile."). Lastly, even if Plaintiff could somehow cure these deficiencies with yet further amendments, the medical records included in the summary judgment record for the relevant period would seem to preclude any successful claim of an Eighth Amendment violation being perpetrated against Plaintiff. Thus, in the sound exercise of its discretion, the Court deems it ultimately futile to amend the complaint to add a new defendant.

**AND NOW**, this 16th day of May, 2013, it is hereby **ORDERED** that Plaintiff's Motion to Amend is **DENIED**.

s/Cynthia Reed Eddy
Cynthia Reed Eddy
U.S. Magistrate Judge

cc:   DONALD J. VARNER
      HB-8538
      SCI Mercer
      801 Butler Pike
      Mercer, PA 16137

      J. Eric Barchiesi, Esquire
      Eisenberg & Torisky
      Email: eric.barchiesi@aig.com

      Scott A. Bradley,
      Senior Deputy Attorney General
      Email: sbradley@attorneygeneral.gov