IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD J. VARNER, | ) | |
| | ) | |
| Plaintiff, | ) | 2: 12-cv-1076 |
| | ) | |
| vs. | ) | United States Magistrate Judge |
| | ) | Cynthia Reed Eddy |
| BYUNCHAK JIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER OF COURT**

Presently before the Court are the following four (4) motions:

• Motion for Summary Judgment filed by Richard Ellers, Louis S. Folino, Nedra Grego, Dorina Varner, and Irma Vihlidal (hereinafter referred to as "the Corrections Defendants") (ECF No. 63);

• Motion for Summary Judgment filed by Byunchak Jin and Min Hi Park (hereinafter referred to as "the Medical Defendants") (ECF No. 69);

• Motion for Partial Summary Judgment filed by Plaintiff Donald J. Varner (ECF No. 78), and

• Motion to Compel Discovery filed by Plaintiff Donald J. Varner (ECF No. 79).

By way of background, the Court notes that this case has a somewhat convoluted history, with multiple discovery motions and orders being filed, as well as overlapping briefing schedules on dispositive motions, all of which unfortunately has led to some confusion on the part of the parties, as well as the Court.

In order to eliminate any further uncertainty in this matter, the Court has undertaken an extensive review of this docket, and in order to clear up any ambiguity surrounding the

outstanding discovery requests, the pending Motions for Summary Judgment filed by Defendants will be denied without prejudice to the parties refiling same after discovery has been completed. The Motion for Partial Summary Judgment filed by Plaintiff will be denied as Plaintiff is seeking a determination as to the liability of the Medical Defendants for a failure to respond to discovery requests. As will be discussed *infra*, the instructions on whether the Defendants were required to respond to the discovery requests propounded by Plaintiff were less than clear. As a result, the Medical Defendants will be allowed additional time to respond to the discovery requests. Accordingly, it is hereby **ORDERED** as follows:

1. The Motion for Summary Judgment filed by Richard Ellers, Louis S. Folino, Nedra Grego, Dorina Varner, and Irma Vihlidal (hereinafter referred to as "the Corrections Defendants") (ECF No. 63) is **DENIED WITHOUT PREJUDICE** to the Corrections Defendants refiling same after discovery has been completed.

2. The Motion for Summary Judgment filed by Byunchak Jin and Min Hi Park (hereinafter referred to as "the Medical Defendants") (ECF No. 69) is **DENIED WITHOUT PREJUDICE** to the Medical Defendants refiling same after discovery has been completed.

3. The Motion for Partial Summary Judgment filed by Plaintiff Donald J. Varner (ECF No. 78) is **DENIED.**

As mentioned above, also pending is the Plaintiff's Motion to Compel Discovery (ECF No. 79). The Corrections Defendants and the Medical Defendants have filed their responses in opposition (ECF Nos. 91 and 93, respectively) and the matter is ripe for disposition.

On October 10, 2012, the Court ordered that Defendants were to provide Plaintiff with all of the following: "(1) all incident reports, grievances, disciplinary reports, investigative reports,

or other similar documents in its possession concerning the alleged incident or incidents; (2) all medical records in its possession concerning this Plaintiff." Text Order of 10/10/12. In that same Order, Plaintiff was instructed that no formal discovery, such as interrogatories, requests for production or requests for admissions would be allowed without leave of court.

The Court also ordered that all dispositive motions and briefs in support thereof must be filed by January 31, 2013.

On November 30, 2012, the Medical Defendants filed a Certificate of Compliance in which they advised the Court that they possessed no incident reports, grievances, disciplinary reports, investigative reports, or other similar documents concerning the alleged incident or incidents, and that they had provided Plaintiff copies of his medical records which were in their possession. On that same day, the Corrections Defendants filed their Certificate of Compliance in which they stated that there did not appear to be any incident reports, disciplinary reports, and/or investigative documents relating to the claims raised in the above-captioned case. Furthermore, the Corrections Defendants represented that they had provided Plaintiff with a copy of his DOC Grievance History from May of 2011 through August of 2012; copies of Inmate Grievance Nos. 415984, 411673, 400942, 391485, and 391179; and a copy of Plaintiff's medical records for the period from May of 2011 through August of 2012.

On December 4, 2012, Plaintiff filed a Petition for Civil Contempt for Disobedience of a Court Order which claimed that the Defendants had not complied with the October 10, 2012 Order. The Corrections Defendants and the Medical Defendants timely responded in opposition.

Although Plaintiff had been previously advised that the Court would not grant piecemeal requests for discovery, on January 3, 2013, while the Petition for Civil Contempt was pending,

Plaintiff filed the following eight (8) individual discovery motions:

- Motion for Leave to Take Deposition of Jennifer Trimai (ECF No. 52);

- Motion for Leave to Take Deposition of Carey West (ECF No. 53);

- Motion for Leave to Take Deposition of Mary (Doe) (ECF No. 54);

- Motion for a Court Appointed Expert (ECF No. 55);

- Motion for Leave to Take Deposition of Josh Trbovich (ECF No. 56);

- Motion for Physical Examination of Donald J. Varner (ECF No. 57);

- Motion for Designation of Resource Person (ECF No. 58); and

- Motion for Leave to Take Deposition of Michelle Antanovich (ECF No. 59).

Five days later, on January 8, 2013, Plaintiff filed "Plaintiff's Discovery Requests"[1] in which he sought leave of court to submit numerous discovery requests to Defendants which included (i) requests for Depositions of Written Questions directed to non-parties; (ii) Interrogatories to each named defendant; (iii) Motion for the Designation of a Resource Person; (iv) Requests for Production of Documents and Electronically Stored Information to defendants; (v) a Motion for a Physical Examination; (vi) Requests for Admissions to each named defendant.[2]

On that same day, the Court contemporaneously entered two (2) Text Orders, which unfortunately were perceived to be inconsistent which led the Medical Defendants to believe that they were not required to respond to the outstanding Discovery Requests, especially since the

---

[1] Plaintiff's Discovery Requests was docketed as a Motion for Discovery (ECF No. 60).

[2] Other than the request for interrogatories, request for production of documents, and the request for admissions, Plaintiff's omnibus discovery request was virtually identical to the eight individual discovery requests he filed on January 3, 2013, all of which had previously been

deadline for filing dispositive motions was fast approaching, i.e., January 31, 2013. The first Text Order denied Plaintiff's Motion for Civil Contempt for Disobedience of a Court Order. The Court found that Plaintiff was only entitled to discovery that was responsive to the claims made in his Complaint and only for the time period from July 25, 2010 until July 25, 2012, that Plaintiff was not entitled to ALL records as he asserted, and that Plaintiff had been provided with the pertinent responsive documents.

The second Text Order issued on January 8, 2013, denied the eight individual discovery motions filed by Plaintiff and granted Plaintiff's Discovery Requests (which had been deemed a Motion for Discovery), with the understanding that Defendants "do not waive any objections to such requests."

On April 1, 2013, Plaintiff's Motion to Compel was filed. All Defendants have timely filed Responses in opposition. For the reasons that follow, the Motion to Compel will be granted in part and denied in part.

**Legal Standard**

The Federal Rules relating to discovery permit each party to serve the opposing party with document requests and interrogatories which relate to "any matter that may be inquired into under Rule 26(b)." Fed.R.Civ.P. 33(a)(2) and 34(a). Where a party fails to cooperate in discovery, the propounding party may move the Court "for an order compelling an answer, designation, production, or inspection." *Id;.* R. 37(a)(3)(B).

---

denied by the Court.

**Discovery Directed to the Corrections Defendants**

It appears that the Corrections Defendants responded to the discovery requests propounded by Plaintiff. Although Plaintiff contends that the responses to the interrogatories and request for admissions were "mostly evasive," he objects specifically to seven responses to his Request for Production of Documents. These will be discussed seriatim.

In <u>Request for Production 1</u>, Plaintiff requests "the document contained in his medical records which states that he was referred to Pittsburgh Ear, Nose and Throat Associates, Louis Felder, MD . . . ." The Corrections Defendants responded that that it has no such record. Although Plaintiff is not satisfied with this response, the Corrections Defendants cannot provide information that it does not have. Plaintiff's motion to compel the Corrections Defendants to respond to this request is, therefore, denied.

In <u>Request for Production 5</u>, Plaintiff requests "[t]he oaths of all named defendants." The Corrections Defendants objected on the grounds that this request was "not clear, irrelevant, and not likely to lead to the discovery of admissible information. (ECF No. 79-2, Exh. 4). The Court finds Defendant's objection to have merit and, therefore, Plaintiff's motion to compel the Corrections Defendants to respond to this request is denied.

In <u>Request for Production 6</u>, Plaintiff requests "the surety bonds of all named defendants who have them." The Corrections Defendants objected on the grounds that this request was not clear, was irrelevant, and not likely to lead to the discovery of admissible information. (ECF No. 79-2, Exh. 4). The Court finds Defendants' objection to have merit and, therefore, Plaintiff's motion to compel the Corrections Defendants to respond to this request is denied.

In <u>Request for Production 9,</u> Plaintiff requests the "license to practice for all medical staff

required to have them, including but not limited to any and all restrictions, penalties, or other disciplinary actions placed on them." The Corrections Defendants objected on the grounds that the request was not clear, was irrelevant, and not likely to lead to the discovery of admissible information." (ECF No. 79-2, Exh. 5). However, without waiving the objection, the Corrections Defendants replied that the named defendants did not have any disciplinary actions. The Court finds that because the request for the medical licenses of the medical staff is not relevant or material to Plaintiff's claim of deliberate indifference, Plaintiff's motion to compel the Corrections Defendant to further respond to this request is denied.

In Request for Production 10, Plaintiff requests "the actual x-rays" taken on December 7, 2011. As the Correction Defendants correctly noted, Plaintiff is not permitted to have the x-ray and, even if he were permitted to keep the x-ray, he does not have the necessary equipment to view it or the knowledge to understand what he is seeing. A copy of the radiology report had previously been provided to Plaintiff. The Court finds Defendants' objection to have merit and, therefore, Plaintiff's motion to compel the Corrections Defendants to respond to this request is denied.

In Request for Production 12, Plaintiff requests the "images from the June 13, 2012 ultrasound that was" performed on his neck. The Correction Defendants again note that Plaintiff is not permitted to have the ultrasound and, even if he were permitted to keep the ultrasound, he does not have the necessary equipment to view it or the knowledge to understand what he is seeing. A copy of the ultrasound report had previously been provided to Plaintiff. For these reasons, Plaintiff's motion to compel the Corrections Defendants to respond to this request is denied.

7

In Request for Production 15, Plaintiff requests "[a]ny and all electronically stored information concerning the Plaintiff, . . . ." The Corrections Defendants objected on the grounds that the request was "seeking information that is over broad, unduly burdensome, irrelevant, and not likely to lead to the discovery of admissible information. This request asks for anything and all relating to the plaintiff for any time." Because the information Plaintiff seeks is not relevant or material to his claim of deliberate indifference, Plaintiff's motion to compel the Corrections Defendants to respond to this request is denied.

For all these reasons, the Motion to Compel as it relates to the Corrections Defendants is **DENIED**.

### Discovery Directed to the Medical Defendants

As discussed *supra*, Plaintiff propounded identical discovery requests to the Medical Defendants as he did to the Corrections Defendants, to which the Medical Defendants have not responded. In an effort to streamline this litigation, the Court has prescreened the interrogatories, request for production of documents, and request for admissions and rules as follows:

Interrogatories: Interrogatory Nos. 3, 4, 5, and 6 seek information about witnesses and/or evidence Defendants anticipate using at trial. Plaintiff is not entitled to this information at this time. Interrogatory Nos. 7, 10, 19, 20, 21, 22, and 23 are either vague, ambiguous, overly broad and/or overly burdensome. Furthermore, the information Plaintiff seeks is not relevant or material to his claim of deliberate indifference. Accordingly, the Medical Defendants are not required to answer these Interrogatories.

The Medical Defendants, subject to any objections they may raise, are to respond only to Interrogatory Nos. 1, 2, 8, 9, 11, 12, 13, 14, 15, 16, 17, 18, 24, and 25.

Request for Production:  Request numbers 2, 5, 6, 9, 10, 11, 12, 14, and 15 are either vague, ambiguous, overly broad and/or overly burdensome.  Further, Plaintiff is not permitted to have actual x-rays, MRI images, or ultrasound images.  Accordingly, subject to any objections the Medical Defendants may raise, the Medical Defendants are to respond only to Requests 1, 3, 4, 7, 8, and 13.

Request for Admissions:  Subject to any objections the Medical Defendants may raise, the Medical Defendants are to respond to each of the propounded Request for Admissions.

For all these reasons, the Motion to Compel as it relates to the Medical Defendants is **GRANTED IN PART AND DENIED IN PART**.

The Medical Defendants are to respond to Plaintiff's discovery requests on or before **July 1, 2013**.  Defendants are ordered to file a notice with the Court stating that this Order has been complied with on or before **July 1, 2013**.

It is further **ORDERED** that all Defendants may refile their Motions for Summary Judgments on or before **July 15, 2013**.  Plaintiff shall file his responses on or before **August 12, 2013**.  Defendants may file a Reply on or before **August 27, 2013**, if they so choose.

So **ORDERED** this 17th day of June, 2013.

*s/Cynthia Reed Eddy*
Cynthia Reed Eddy
U.S. Magistrate Judge

cc: DONALD J. VARNER
HB-8538
SCI Mercer
801 Butler Pike
Mercer, PA 16137

J. Eric Barchiesi, Esquire
Eisenberg & Torisky
Email: eric.barchiesi@aig.com

Scott A. Bradley,
Senior Deputy Attorney General
Email: sbradley@attorneygeneral.gov